BRAD GRIZER

VERSUS

CF INDUSTRIES INC et al

23RD JUDICIAL DISTRICT COURT

PARISH OF ASCENSION

STATE OF LOUISIANA

DOCKET NUMBER: 00114954A

**TO:** **CF INDUSTRIES HOLDING INC**
CORPORATION SERVICE COMPANY
2711 CENTERVILLE RD SUITE 400
WILMINGTON, DE. 19808

**YOU HAVE BEEN SUED.**

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LAS R.S. 13:3201 et seq. OR you must file an answer or other legal pleading within thirty (30) days in the office of the Clerk of this Court at the Courthouse Building in Donaldsonville or Gonzales, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This service was ordered by Attorney WEXLER, NOAH M and was issued by the Clerk of Court on the 26TH day of JANUARY, 2016.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BRAD GRIZER

VERSUS

CF INDUSTRIES INC et al

23RD JUDICIAL DISTRICT COURT

PARISH OF ASCENSION

STATE OF LOUISIANA

DOCKET NUMBER: 00114954A

**TO:**    **CF INDUSTRIES HOLDING INC**
CORPORATION SERVICE COMPANY
2711 CENTERVILLE RD SUITE 400
WILMINGTON, DE.   19808

**YOU HAVE BEEN SUED.**

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks in accordance with LAS R.S. 13:3201 et seq. OR you must file an answer or other legal pleading within thirty (30) days in the office of the Clerk of this Court at the Courthouse Building in Donaldsonville or Gonzales, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading, a judgment may be entered against you without further notice.

This service was ordered by Attorney WEXLER, NOAH M and was issued by the Clerk of Court on the 26TH day of JANUARY, 2016.

_____
Deputy Clerk of Court for
Bridget Hanna, Clerk of Court

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
LEGAL ASSISTANCE IS ADVISABLE AND YOU SHOULD CONTACT A LAWYER IMMEDIATELY.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

0019

RECEIVED AND FILED
BRIDGET HANNA
CLERK OF COURT

2016 JAN 25 A 10: 14
Original signed by
By Michelle Robicheaux
D.Y. CLERK & RECORDER
ASCENSION PARISH, LA.

FAX FILED
JAN 19 2016
Original signed by
BY. CLERK OF COURT
ASCENSION PARISH

Judicial District Court
Parish of Ascension
State of Louisiana

Brad Grizer     *
  *Plaintiff,*     *
        *
vs.         *   Docket No. 114954 Div. ____
        *
CF Industries, Inc.;     *
CF Industries Nitrogen, LLC;   *
CF Industries Holding, Inc.; and   *
Loren Industries     *
  *Defendants.*     *

**DIVISION A**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

Plaintiff Brad Grizer complains of Defendants CF Industries, Inc., CF Industries Nitrogen, LLC, and CF Industries Holding, Inc., and Loren Industries (collectively referred to as "Defendants") and would respectfully show unto the Court the following:

### JURISDICTION AND VENUE

#### I.

Jurisdiction is proper in this Court because Defendants are citizens of, reside in, and/or have continuous and systematic contacts with the State of Louisiana.

#### II.

Venue is proper in this Court under article 74 of the Louisiana Code of Civil Procedure as Plaintiff have incurred damages as a result of wrongful conduct, by way of Defendants' acts and/or omissions which occurred in Ascension Parish, Louisiana. More specifically, the incident in question which resulted in injuries and damages to Plaintiff occurred on December 15, 2015, within the plant facilities of CF Industries located at 39018 Louisiana 3089, Donaldsonville, Louisiana 70346, all of which exists within the Parish of Ascension.

### PARTIES

#### III.

Plaintiff Brad Grizer is a resident and citizen of Ohio.

#### IV.

Defendant CF Industries, Inc. is a Delaware corporation who conducts a substantial amount of business in Ascension Parish, Louisiana. Defendant CF Industries Holding, Inc.

1

can be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

### V.

Defendant CF Industries Nitrogen, Inc. is a Delaware corporation who conducts a substantial amount of business in Ascension Parish. Defendant CF Industries Holding, Inc. can be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

### VI.

Defendant CF Industries Holding, Inc. is a Delaware corporation who conducts a substantial amount of business in Ascension Parish. Defendant CF Industries Holding, Inc. can be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

### VII.

Defendants CF Industries, Inc., CF Industries Nitrogen, LLC, and CF Industries Holding, Inc. are collectively referred to herein as "CFI".

### VIII.

Defendant Loren Industries is a California company that does a substantial amount of business in Ascension Parish, Louisiana. Defendant Loren Industries may be served with process through its registered agent: Daniel Marc Lorenzon, at 12226 Coast Drive, Whittier, California 90601.

### CAUSES OF ACTION

### IX.

On or about December 15, 2015, Plaintiff was working at Defendant CFI's Donaldsonville plant. On the date in question, sustained severe injuries when he was struck in the shoulder by a hammer that was dropped from an elevated workspace by an employee of Defendant Loren Industries. The accident was a direct and proximate result of Defendants negligence, negligence *per se*, and gross negligence as further described herein.

### X.

Defendants were negligent, negligent *per se*, and grossly negligent for the following reasons:

2

a. Failing to adequately supervise their employees;

b. Failing to adequately train their employees;

c. Failing to adequately instruct their employees;

d. Failing to have adequate policies and procedures;

e. Failing to have adequate safety policies and procedures;

f. Failing to properly maintain their equipment;

g. Failing to properly inspect their equipment;

h. Failing to ensure that their worksite was reasonably safe;

i. Failing to adequately maintain the premises at issue;

j. Failing to adequately inspect the premises at issue;

k. Failing to properly analyze and account for the risks inherent with the work at hand;

l. Creating a dangerous and/or hazardous condition;

m. Failing to adequately warn of a dangerous and/or hazardous condition;

n. Failure to remedy a dangerous and/or hazardous condition;

o. Vicarious liability for the conduct of their employees;

p. Violating applicable government regulations, laws, rules, and industry standards; and

q. Other acts deemed negligent, negligent *per se*, and grossly negligent.

### DAMAGES

### XI.

As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and permanent injuries. These injuries have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, past and future physical impairment. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sues.

### XII.

Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants' acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiff is entitled to exemplary damages.

## RESERVATION OF RIGHTS

### XIII.

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery and as their investigation continues.

## JURY DEMAND

### XIV.

Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show herself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

Noah M. Wexler
LA Bar Roll No. 34995
Kelly M. Woods
LA Bar Roll No. 36303
6009 Memorial Drive
Houston, Texas 77007
PH: (713) 222-3800
FAX: (713) 222-3850

*Attorneys for Plaintiff*

A TRUE COPY
*Darla Brown*
Deputy Clerk & Recorder 1/26/16
ASCENSION PARISH

4

PLEASE SERVE ALL DEFENDANTS AS FOLLOWS:

Defendant CF Industries, Inc.
Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, Delaware 19808

Defendant CF Industries Nitrogen, Inc.
Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, Delaware 19808

Defendant CF Industries Holding, Inc.
Corporation Service Company
2711 Centerville Rd. Ste. 400
Wilmington, Delaware 19808

Defendant Loren Industries
Daniel Marc Lorenzon
12226 Coast Drive
Whittier, California 90601

Judicial District Court
Parish of Ascension
State of Louisiana

| | | |
|---|---|---|
| Brad Grizer | * | |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | Docket No. 114, 954 Div. A |
| | * | |
| CF Industries, Inc.; | * | |
| CF Industries Nitrogen, LLC; | * | |
| CF Industries Holding, Inc.; and | * | |
| Loren Industries | * | |
| *Defendants.* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Plaintiff's First Set of Interrogatories, Request for Production, Request for Admissions to Defendants

TO: Defendant CF Industries Holding, Inc., by and through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

Defendant CF Industries Holding, Inc., by and through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

Defendant CF Industries Holding, Inc., by and through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

Defendant Loren Industries, by and through its registered agent: Daniel Marc Lorenzon, at 12226 Coast Drive, Whittier, California 90601.

Plaintiff propounds this First Set of Interrogatories, Requests for Production, and Request for Admissions to Defendants. Defendants are each required to answer, separately, fully, in writing, and under oath, and provide, or produce for inspection, copying and replication, the things requested, within fifteen (15) days after the date of service, to the offices of Arnold & Itkin LLP, 6009 Memorial Drive Houston, Texas 77007.

# I.

## DEFINITIONS AND INSTRUCTIONS

1. Under the Louisiana Rules of Civil Procedure, you are under a duty to amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

   a. You know that the answer was incorrect when made; or

   b. You know that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2. The terms **"you," "your," "yours"**, **"Defendant"** or **"Defendants"** shall mean, unless otherwise specified in a particular request, the Defendants named in this lawsuit and/or any agent, representative, employee, your insurance providers, their agents, their employees, your attorneys, your accountants, your investigators, or any individual and/or entity action on your behalf.

3. The terms **"document"** or **"documents"** shall mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be

2

obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

4. You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. This includes, but is not limited to, documents in the possession, custody, control of you, your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, subsidiary, parent, affiliated, or related entity, and any other entity or business in which you own a controlling interest or over which you exercise control. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

5. With respect to hard copy or paper production, all documents responsive to this request shall be produced in their original form.

6. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original documents being produced.

7. Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

8. This Document Request requires you amend or supplement your production of documents called for by this Document Request.

9. In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

10. Plaintiff(s) requests that you provide a privilege log containing the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff(s) requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

11. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

3

12. Responsive Electronically Stored Information ("ESI") shall be produced in native form; that is, in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business.

   a. If it is infeasible or unduly burdensome to produce an item of responsive ESI in its native form, You may produce in a near-native form; that is, in a form in which the item can be imported into the native application without a material loss of content, structure or functionality as compared to the native form. Static image production formats serve as near-native alternatives only for documents which are natively static images (i.e., photographs and scans).

   b. The table below supplies examples of native or near-native forms in which specific types of ESI should be produced:

| SOURCE ESI | NATIVE FORM(S) SOUGHT |
| --- | --- |
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG, .PDF |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard).<br><br>For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced.<br><br>For Lotus Notes mail, furnish .NSF files or convert to .PST.<br><br>If your workflow requires that attachments be extracted and produced separately from |

4

|  | transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |
|---|---|

c. You need only produce reports from databases that can be generated in the ordinary course of business (i.e., without specialized programming skills), and these shall be produced in a delimited electronic format preserving field and record structures and names. The parties will meet and confer regarding programmatic database productions as necessary.

d. Individual documents requiring redaction shall (as feasible) be redacted natively or produced in .PDF format and redacted using the Adobe Acrobat redaction feature. Redactions shall not be accomplished in a manner that serves to downgrade the ability to electronically search the un-redacted portions of the item.

e. You need not produce identical documents in more than one form and shall globally de-duplicate identical items across custodians using each document's unique MD5 hash value. The content, metadata and utility of a document must all be considered in determining whether documents are identical, and items reflecting different information shall not be deemed identical.

f. Production should be made using appropriate electronic media of your choosing provided that the production media chosen not impose an undue burden or expense upon Plaintiff(s) or Plaintiff(s)' counsel as recipients. You must, contemporaneously with production, supply decryption credentials and passwords to the receiving party for all items produced in an encrypted or password-protected form.

g. Each document produced shall be uniquely identified by naming the item to correspond to a Bates identifier according to the following protocol:

    i. The first fourteen (14) characters of the filename will reflect a unique alphanumeric designation identifying the party making production and the case;

    ii. The next ten (10) characters, beginning with an underscore, will be a unique, consecutive numeric value assigned to the item by the producing party. This value shall be padded with leading zeroes as needed to preserve its length;

iii. The final five (5) characters are reserved to a sequence beginning with a dash (-) followed by a four digit number reflecting pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached as exhibits to pleadings.

iv. By way of example, a Microsoft Word document produced by Acme Corporation in its native format might be named: ACME_VMESHSDCA_000000123.docx. Were the document printed out for use in deposition, page six of the printed item must be embossed with the unique identifier ACME_VMESHSDCA_000000123-0006.

h. Documents designated Confidential may, at your option:

i. Be separately produced on electronic production media prominently labeled to identify the contents as confidential; or, alternatively,

ii. Each such designated document shall have appended to the file's name (immediately following its Bates identifier) the following protective legend:~CONFIDENTIAL-SUBJ_TO_PROTECTIVE_ORDER_IN_ CAUSE_MDL-14-0123

i. You shall furnish a delimited load file supplying the metadata field values listed below for each document produced (to the extent the values exist and as applicable):

| FIELD |
| --- |
| BeginBates |
| EndBates |
| BeginAttach |
| EndAttach |
| Custodian/Source |
| Source File Name |
| Source File Path |
| From/Author |
| To |
| CC |
| BCC |
| Date Sent |
| Time Sent |
| Subject/Title |
| Last Modified Date |

6

| Last Modified Time |
| --- |
| DOCUMENT Type |
| Redacted Flag (yes/no) |
| Hidden Content/Embedded Objects Flag (yes/no) |
| Confidential flag (yes/no) |
| MD5 Hash value |
| Hash De-Duplicated Instances (by full path) |

j.  Each production should include a cross-reference load file that correlates the various files, images, metadata field values and searchable text produced.

k.  Respond to each request for production by listing the unique identifier (Bates-style) numbers/ranges of responsive documents produced.

l.  If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had possession, custody, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document; (4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

m.  It is required that all documents and/or other data compilations which might impact on the subject matter of this litigation be preserved and that any ongoing process of documents destruction involving such documents cease. In those instances where document destruction has already taken place, it is requested that the documents that would have been relevant to the following discovery request be identified as well as the date of destruction and the individual authorizing, ordering and/or carrying out the destruction.

n.  If you believe that a complete response to any request would require the disclosure of confidential health information, the disclosure of which you believe is prohibited by the Health Insurance Portability and Accountability Act (HIPAA) or other law, Plaintiffs will accept responses that are redacted to comply with such law but that are otherwise complete. Plaintiffs expressly reserve the right to challenge any such redaction.

o.  Your response to each Request for Production should include the unique identifier numbers/ranges that identify the documents responsive to that particular request. For instance, if, in response to Request for Production No.

7

3, You are producing 50 documents, your response should identify the unique identifier numbers for those 50 documents.

13. The terms **"and/or"**, **"or"**, and **"and"** are used inclusively, not exclusively.

14. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

15. The terms **"identify"** or **"identity"** when used herein means:

   a. With respect to a **natural person**, all that you know or that you can determine about his or her full name or names, title, present or last known employer or job description, and present or last known home and business addresses.

   b. With respect to an **entity or organization which is not a natural person**, all that you know or that you can determine about its full name or names, dates and places of formation, principal places of business, and business addresses.

   c. With respect to **documents**, all that you know or that you can determine about title, type of documents, date, author, addressee, recipients, any identifying numbers on such documents, substance of its contents, subject matter, present location, present custodian, and each person who has possession, custody, or control over each copy of each document.

   d. With respect to a **physical object**, all that you know or that you can determine about its common name, identifying number(s), manufacturer and date of manufacture of the object.

   e. With respect to an **event**, all that you know or can determine about the date, time, place, participants, actions taken, and results obtained.

16. The terms **"custodial document"**, **"custodial documents"**, **"custodial file"**, or **"custodial files"** shall mean all documents maintained by your current employees and past employees (while they were employed). For example, custodial documents include each document on and/or in an individual employee's computer, voice mail, office desk, office filing cabinet or storage system, file storage maintained by that person outside of his/her office, and any other location in which that employee keeps or kept documents. If you have failed to preserve or no longer have custodial documents for any current or past employee implicated by these Requests, please comply with Instruction 5 above.

17. The terms **"communication"** or **"communications"** includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral,

written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

18. The term "**information**" should be construed in the broadest possible sense. It is intended reference both facts and applicable principles. This term should not be construed to be limited by any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

19. The terms "**person**" or "**persons**" includes, without limitation, a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

20. The terms "**entity**" or "**entities**" includes, without limitation, any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

21. The terms "**expert**", "**experts**", "**expert witness**", or "**expert witnesses**" shall mean any person or entity who may be called upon as an expert witness at trial and any person or entity used for consultation who is not expected to be called as a witness at trial, but whose opinions, work product, or mental impressions have been reviewed or relied upon by a testifying expert.

22. The terms "**concerning**" or "**relating to**" shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

23. The terms "**describe**" or "**describing**" when used in reference to any documents or tangible evidence includes, without limitation, stating the title or name, date, time, author of documents, the common name, identifying number, manufacturer and date of manufacture of any object and the name and address of the person(s) having possession, custody, or control of such at the present time.

24. The terms "**evidencing**" shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

25. The term "**damages**" shall mean all claims for relief alleged by Plaintiff(s) in the latest Complaint.

26. The terms "**accident**", "**incident**", or "**occurrence**" shall mean, unless otherwise indicated, the events which give rise to this lawsuit.

9

27. The terms "**JSA**", "**JHA**", "**job safety analysis**", or "**job hazard analysis**" include without limitation, all safety meeting minutes, reports, handouts, documents, or other related materials.

28. The term "**worksite**" shall refer to where the Plaintiff(s) was working at the time of the events that form the basis of this lawsuit.

29. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## II.

### Interrogatories

1. Regardless of whether you contend they were contributing causes of the events giving rise to this lawsuit, please state with specificity all cargo, gears, equipment, tackle, tools, materials, supplies and/or appurtenances involved in the events giving rise to this lawsuit, and identify all manufacturers, distributors, and operators of same.

**ANSWER:**

2. Give the name, job title, employer, last-known residential address, and last-known residential telephone number of each person to whom the occurrences underlying this lawsuit were reported.

**ANSWER:**

3. Give the name, job title and employer at the times and on the occasions in question, last-known employer, last-known employer's address, last-known residential telephone number, and last-known residential address of each person who witnessed or was in the closest proximity to Plaintiff(s) when the underlying basis of this lawsuit occurred.

**ANSWER:**

4. Has this Defendant been sued in its correct name? If not, state the correct name.

**ANSWER:**

5. Were any individuals or companies other than those named in the Petition herein involved in any manner in the incident made the basis of this suit? If your answer is in the affirmative, please identify said individuals and/or companies.

**ANSWER:**

6. Please identify any and all person(s) known to you to have knowledge of the relevant facts upon which this lawsuit is based.

**ANSWER:**

11

7. If you claim that the incident resulted from Plaintiff's own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with his own safety, please set forth fully and specifically the facts upon which you rely for those claims.

**ANSWER:**


8. Have you conducted an investigation into the cause or causes of the incident in question? If your answer is in the affirmative, please identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, and who was present during said investigation(s).

**ANSWER:**


9. State when, where and under what circumstances you first became aware that Plaintiff(s) was claiming to have sustained the injuries made the basis of this lawsuit.

**ANSWER:**


10. Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the injuries therefrom? If your answer is "yes", identify each person from whom you possess a statement; state when and where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

**ANSWER:**


11. Identify each person at the Work Site at the time of the incident made the basis of this lawsuit and state whether these individuals were employed by you at that time. If each and every person at the Work Site at the time of the Plaintiff's injuries was not employed by you, identify those individuals not employed by you and state who employed them.

**ANSWER:**

12

12. For the individuals whom you identified in the previous Interrogatory as having been employed by you on the dates of the Plaintiff's injuries, please state whether they are still in your employ and if not, please state why not and provide their last known address.

**ANSWER:**

13. If you contend that some person, thing, or entity other than either the Plaintiff(s) or Defendant(s), by some act or omission, caused or contributed to cause the incident in question in any way, no matter how slight or small, or the injuries allegedly resulting therefrom, identify that person, entity, or thing.

**ANSWER:**

14. If you contend that the incident in question, or the injuries allegedly resulting therefrom, were caused in whole or in part by a pre-existing physical condition of the Plaintiff(s), identify each such condition, and describe how each contributed thereto.

**ANSWER:**

15. Please state whether, subsequent to Plaintiff's alleged incident, you or any other company to your knowledge made any repairs, additions, alterations, renovations, improvements, or performed any other work on the area or equipment involved in the incident. For each such alteration, or instance of such work, state the date it was done, the names of all persons participating in the work to be done, the reason the work was to be done, and a description of all repairs, alterations, or work done.

**ANSWER:**

16. Please state the name, address (home and business) and telephone number (home and business) of this Defendant's person in charge of the Work Site on the date of the incident made the basis of this suit, and the exact name and address of the company by whom he was employed at the time of the incident.

**ANSWER:**

VERIFICATION

_____

By: _____

Its: _____

STATE OF _____ )
COUNTY OF _____ )

    BEFORE ME, on this _____ day of _____, 2016, the undersigned authority, personally appeared _____, who ☐ is personally known to me or ☐ has shown identification (_____), who after being by me first duly sworn, deposes and says that the answers written after each of the foregoing Interrogatories are true and correct to the best of his/her knowledge, information, and belief, and he/she subscribed his/her name thereto in certification thereof.

_____

Notary Public, State of _____

Commission No. _____

My Commission Expires: _____

14

## III.

## REQUESTS FOR PRODUCTION

1. All policies of insurance you possess, including excess coverage(s), which were in effect during the events underlying this lawsuit that may have insured Defendant against the allegations of Plaintiff(s) in this lawsuit.

   **RESPONSE**:

2. All photographs, videos, drawings, or other depictions of the area(s) in question, the cargo, equipment, gears, tool, tackle and/or appurtenances in question, the Plaintiff(s), or other relevant objects that concern the events giving rise to this lawsuit.

   **RESPONSE**:

3. Plaintiff's pre-employment physicals.

   **RESPONSE**:

4. All accident, injury, disability or injury reports concerning the underlying events of this lawsuit, whether signed by Plaintiff(s) or not, that concern events giving rise to this lawsuit.

   **RESPONSE**:

5. All medical records that refer to Plaintiff(s), including medical records that predate the occurrences in question. This request also seeks test results and/or films.

   **RESPONSE**:

6. Notations or all other records of safety meetings at the Work Site for the period of six (6) months before and six (6) months after the events underlying this lawsuit.

   **RESPONSE**:

7. All medical logs referring to Plaintiff(s), including medical logs that may predate or be subsequent to the events underlying this lawsuit

15

**RESPONSE:**

8. All income tax returns and attachments that relate to Plaintiff(s).

   **RESPONSE:**

9. All social security earnings records you possess relating to Plaintiff(s).

   **RESPONSE:**

10. All documents that concern any inspections, corrections and/or improvements related to the work being performed at the Work Site.

    **RESPONSE:**

11. All records indicating favorable or unfavorable performance and conduct evaluations of Plaintiff(s).

    **RESPONSE:**

12. Plaintiff's complete employment file.

    **RESPONSE:**

13. All reports, citations, or other documents that relate to the OSHA or any other governmental agency that concern the events giving rise to this lawsuit.

    **RESPONSE:**

14. All records referring to Plaintiff(s) concerning the criminal justice system.

    **RESPONSE:**

15. All safety manuals and materials that relate to the events underlying this lawsuit.

    **RESPONSE:**

16

16. All records referring to Plaintiff(s) and relating to Plaintiff's prior and current employers.

**RESPONSE**:

17. All personnel files that refer to the individuals who functioned as Your supervisor(s) at the Work Site during the time period when the events giving rise to this lawsuit occurred.

**RESPONSE**:

18. All reprimands, including notations of verbal reprimands, given to any employee for any reason that concern the events giving rise to this lawsuit. This includes Plaintiff(s), if any at all.

**RESPONSE**:

19. All employment records that in any manner mention Plaintiff(s).

**RESPONSE**:

20. All non-privileged communications from you or your employees to medical providers, you, your insurers, agents and/or representatives that in any manner concern the events giving rise to this lawsuit.

**RESPONSE**:

21. All documents concerning any subsequent remedial measures taken after the events giving rise to this lawsuit.

**RESPONSE**:

22. All reports, citations, or other documents to or from OSHA or any other governmental agency that concern compliance or noncompliance with any government standards concerning the job in question.

**RESPONSE**:

17

23. All photographs, videotapes, or films which depict the events underlying this lawsuit.

   **RESPONSE:**


24. All settlement agreements, releases, indemnifications, or assignments which have been signed by you in connection with the events underlying this lawsuit.

   **RESPONSE:**


25. All summaries, reports, and files reviewed by each person who may testify as an expert witness at trial.

   **RESPONSE:**


26. All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

   **RESPONSE:**


27. Copies of all publications which any expert witness obtained or consulted by you has contributed to or on which he or she will rely, which relate in any way to the subject matter or opinions of the expert witness.

   **RESPONSE:**


28. All documents evidencing communications between you and each expert witness who may testify at trial.

   **RESPONSE:**


29. A current copy of the *curriculum vitae* or resume of any person whom you may call as an expert witness in the trial of this case.

   **RESPONSE:**


30. A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the

18

trial of this case.

**RESPONSE**:

31. A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:

32. A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:

33. All transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:

34. All transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:

35. A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

**RESPONSE**:

19

36. All documents which you have been asked to identify and/or to which you have made reference or identified in your responses to Plaintiff's Interrogatories to Defendants.

**RESPONSE**:

37. All documents evidencing the cause of the events underlying this lawsuit.

**RESPONSE**:

38. All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiff's latest Petition.

**RESPONSE**:

39. All correspondence between you and any other person concerning the events underlying this lawsuit.

**RESPONSE**:

40. All photographs, motion pictures, videos, models, diagrams, drawings, or other visual display concerning any issues in this case.

**RESPONSE**:

41. All documents evidencing the extent of damage, either physical or monetary, to Plaintiff(s).

**RESPONSE**:

42. Copies of all documents, including policies and instruction manuals which the Defendants provide its employees during the hiring process and/or to contractors hired by you.

**RESPONSE**:

43. Copies of all manuals and test materials used by Defendants to monitor and evaluate the performance of its employees.

**RESPONSE:**

44. All documents that concern, refer to, or relate to Plaintiff(s).

**RESPONSE:**

45. All documents concerning communications between you and Plaintiff(s).

**RESPONSE:**

46. All documents relating to events that are substantially similar to the events underlying this lawsuit and relating to Defendants.

**RESPONSE:**

47. All documents relating to any instructions or directions provided by you to Plaintiff(s) and relating to the events underlying this lawsuit.

**RESPONSE:**

48. Any and all photographs, slides, videotapes, films, DVD's, recording and tape recordings taken or obtained in connection with the accident or the filing of this suit.

**RESPONSE:**

49. Any and all written or recorded statements, and summaries thereof, given or taken by any person in connection with the accident or the filing of this suit.

**RESPONSE:**

50. Any and all written or recorded statements of Plaintiff(s) taken by Defendant(s) and/or any agent or representative of Defendant(s).

**RESPONSE:**

51. Any and all settlement agreements or other documents setting forth the terms and conditions of any settlement entered into by you or your insurer(s) with any party to

21

this suit.

**RESPONSE:**

52. Any and all daily logs relating or referring to the work to be performed or work performed at the Work Site in question at the time of the accident made the basis of this suit.

**RESPONSE:**

53. Any and all other logs relating or referring to the work to be performed or work performed at the time of the accident made the basis of this suit.

**RESPONSE:**

54. The entire investigation file of this Defendant, or its agents and/or representatives, prepared or assimilated prior to the date of filing of the Petition in this Court that relate to Plaintiff(s) or his claims or injuries.

**RESPONSE:**

55. Any and all documents, photographs, video tapes, cassettes, DVD's and/or recordings relating to any surveillance made of Plaintiff(s).

**RESPONSE:**

56. Any and all correspondence, fax, memoranda, invoices, contracts, telephone messages and/or email by and between any and all parties to this case which in any way concerns, refers to, or relates to the accident made the basis of this suit.

**RESPONSE:**

57. All correspondence and any other related documents by and between Defendant and its insurance company which in any way relates to, directly or indirectly, coverage for Plaintiff's injuries and damages arising out of the accident made the basis of this suit.

**RESPONSE:**

22

58. Any and all documents, contracts, correspondence and/or notes which concerns, refers to, or reflect potential parties to this action and persons with knowledge of relevant facts.

**RESPONSE**:

59. All contracts by and between this Defendant and any other individual or entity, covering the job in question.

**RESPONSE**:

60. Any and all company records, daily reports and other daily logs for the job in question for one month before and after the events underlying this lawsuit.

**RESPONSE**:

61. Any and all records of work being performed by Plaintiff(s) at the time of the accident including but not limited to personnel files, copies of payroll checks, front and back.

**RESPONSE**:

62. Any all reports prepared regarding treatment rendered to Plaintiff(s) at or near the time of the incident made the basis of this lawsuit.

**RESPONSE**:

63. All records you possess from the Plaintiff's prior employers.

**RESPONSE**:

64. Defendant's Safety Manuals for the past five years.

**RESPONSE**:

65. Defendant's Operations, Procedures and Employee Manuals for the past five years.

**RESPONSE**:

23

66. The complete personnel file of Plaintiff(s), including, but not limited to, any documentation related to applications of employment, pre-employment physical(s) and drug test(s) and results thereof.

**RESPONSE**:

67. All JSA's for the month before the accident.

**RESPONSE**:

68. All JSA's for the work being performed at the time of the incident made the basis of this suit.

**RESPONSE**:

69. Documents detailing type of equipment was being used or present at the Work Site at the time of the incident made the basis of this suit.

**RESPONSE**:

70. All floor plans, blueprints, schematics, sketches, drawings, photographs, models, or other depictions of the Work Site.

**RESPONSE**:

71. All documents regarding agreements between you and any other party to this action.

**RESPONSE**:

72. All contracts (written or oral) between you and any other party to this action.

**RESPONSE**:

73. All documents and materials relating to the protective gear provided to Plaintiffs on the date in question.

**RESPONSE**:

74. All safety manuals and materials that relate to the events giving rise to this lawsuit.

**RESPONSE**:

75. Any and all reports prepared for or by the medic, regarding treatment rendered to Plaintiffs at the time of the incident made the basis of this lawsuit.

**RESPONSE**:

76. All documents supporting any defenses (affirmative or otherwise) raised by you to the allegation set forth in Plaintiffs' latest petition.

**RESPONSE**:

77. All personnel files that refer to the individuals who functioned as the supervisor(s) and/or facility supervisor(s) of the Plant during the time period when the events giving rise to this lawsuit occurred.

**RESPONSE**:

78. All correspondence between you and any other person concerning, relating to, or referring to the events giving rise to this lawsuit.

**RESPONSE**:

79. All documents relating to events that are substantially similar to the events giving rise to this lawsuit and relating to Defendant.

**RESPONSE**:

80. All documents relating to any instructions or directions provided by you to Plaintiffs and relating to the events giving rise to this lawsuit.

**RESPONSE**:

25

81. All non-privileged communications from you or your employees to medical providers, you, your insurers, agents and/or representatives that in any manner concern the events giving rise to this lawsuit.

**RESPONSE:**

82. All documents concerning any remedial measures taken in regard to the policies and procedures in question after the events giving rise to this lawsuit.

**RESPONSE:**

83. All documents which you have been asked to identify and/or you referred to or identified in your responses to Plaintiffs' Interrogatories to Defendant.

**RESPONSE:**

84. All invoices, requisitions, logs and other similar documents that concern any repairs alterations, inspections, corrections and/or improvements to any part of the Plant which was involved in the events giving rise to this lawsuit, including but not limited to equipment, gears, tackle, appurtenances, and tools.

**RESPONSE:**

85. All blueprints and diagram of the Work Site that relate to the events giving rise to this lawsuit.

**RESPONSE:**

86. A copy of the master service agreement between Defendant and any other party to this matter.

**RESPONSE:**

87. All policies and procedures that relate to the delivery of nitrogen at the Work Site.

**RESPONSE:**

26

88. Any and all work permits pertaining to the work being performed at the time of the incident made the basis of this suit.

**RESPONSE**:

89. Any and all variances or deviations pertaining to the work being performed at the time of the incident made the basis of this suit.

**RESPONSE**:

90. Any and all surveillance of the Plaintiffs regardless of the medium.

**RESPONSE**:

27

## IV.

## REQUESTS FOR ADMISSIONS

1. Admit that Defendant has been properly named in Plaintiff's most recently filed Petition.

   RESPONSE:

2. Admit that Defendant was negligent in causing the injuries sustained by Plaintiff(s) on the date in question.

   RESPONSE:

3. Admit that the Plaintiff(s) was not contributorily negligent at the time of his accident.

   RESPONSE:

4. Admit that the Plaintiff(s) did not suffer from any relevant pre-existing condition(s) prior to the occurrence in question.

   RESPONSE:

5. Admit that personal jurisdiction exists over the Defendant.

   RESPONSE:

6. Admit that this is a convenient forum.

   RESPONSE:

7. Admit that venue is proper.

   RESPONSE:

8. Admit that you possess insurance coverage to cover potential liability against you in this action.

**RESPONSE:**

9. Admit that Defendant's actions proximately caused the injuries sustained by Plaintiff(s) on the date in question based on the occurrence made the basis of this lawsuit.

**RESPONSE:**

29

## V.

## REQUEST FOR DISCLOSURE

(a)     The correct names of the parties to the lawsuit;

(b)     The name, address, and telephone number of any potential parties;

(c)     The legal theories and, in general, the factual bases of the responding party's claims or defenses;

(d)     The amount and any method of calculating economic damages;

(e)     The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)     For any testifying expert:

1.     The expert's name, address, and telephone number;

2.     The subject matter on which the expert will testify;

3.     The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

4.     If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

A.     All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B.     The expert's current resume and bibliography;

(g)     Any indemnity and insuring agreements described in Rule 192.3(f);

(h)     Any settlement agreements described in Rule 192.3(g);

(i)     Any witness statements described in Rule 192.3(h);

(j)     All medical records and bills obtained by, or on behalf of, the responding party by virtue of an authorization furnished by the requesting party.

30

(k)   The name, address, and telephone number of any person or entity who may be designated as a responsible third party.

**ARNOLD & ITKIN LLP**

/s/ *Noah Wexler*

Noah M. Wexler
LA Bar Roll No. 34995
Kelly M. Woods
LA Bar Roll No. 36303
6009 Memorial Drive
Houston, Texas 77007
PH:    (713) 222-3800
FAX:  (713) 222-3850

*Attorneys for Plaintiff*

31