**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| Brad Grizer | § | CIVIL ACTION |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | NO. 16-145-SDD-EWD |
| | § | |
| CF Industries, Inc.; | § | |
| CF Industries Nitrogen, LLC; | § | **JURY DEMAND** |
| CF Industries Holding Inc.; and | § | |
| Loren Industries; | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Brad Grizer complains of Defendants CF Industries, Inc., CF industries Nitrogen, LLC, CF Industries Holding, Inc., Lauren Engineers and Constructors, Inc., ACE American Insurance Company, and Lexington Insurance Company. Plaintiff would respectfully show the Court that:

### I

### JURISDICTION AND VENUE

1. Jurisdiction and venue are proper there is complete diversity amongst the parties and Plaintiff has incurred damages as a result of wrongful conduct, by way of Defendants' acts and/or omissions which occurred in Ascension Parish, Louisiana.

EXHIBIT "A"

## II

## PARTIES

2. Plaintiff Brad Grizer is a resident and citizen of Ohio.

3. Defendant CF Industries is a Delaware Corporation who conducts a substantial amount of business in Ascension Parish, Louisiana. Defendant CF Industries Holding, Inc. can be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

4. Defendant CF Industries Nitrogen, LLC is a Delaware corporation who conducts a substantial amount of business in Ascension Parish. Defendant CF Industries Holding, Inc. can be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

5. Defendant CF Industries Holding, Inc. is a Delaware corporation who conducts a substantial amount of business in Ascension Parish. Defendant CF Industries Holding, Inc. can be served with process through its registered agent: Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, Delaware 19808.

6. Defendants CF Industries, CF Industries Nitrogen, LLC, and CF Holding, Inc. are collectively referred to herein as "CFI."

7. Defendant Lauren Engineers and Constructors, Inc. is a Delaware corporation that does a substantial amount of business in Ascension Parish. Defendant Lauren Engineers and Constructors, Inc. can be served through its registered agent Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

8. Defendant Lauren Engineers and Constructors, Inc. will be referred to herein as "Lauren, Inc."

9. Defendant ACE American Insurance Company is a Philadelphia Corporation that does significant business in Ascension Parish. Defendant ACE American Insurance Corporation can be served through its registered agent Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

10. Defendant Lexington Insurance Company is a Massachusetts Corporation that does significant business in Ascension Parish. Defendant Lexington Insurance Company can be served through its President, Michael Tucci, 30 Hillcrest Parkway, Winchester, Massachusetts 01890.

## III

## CAUSES OF ACTION

11. On or about December 15, 2015, Plaintiff was working at Defendant CFI's Donaldsonville plant. On the date in question, he sustained severe injuries when he was struck in the shoulder by a hammer that was dropped from an elevated workspace by an employee of Defendant Lauren Inc. The accident was a direct and proximate result of Defendants' negligence, negligence *per se*, and gross negligence as further described herein.

12. Defendants were negligent, negligent *per se*, and grossly negligent for the following reasons:

> a. Failing to adequately supervise their employees;
>
> b. Failing to adequately train their employees;
>
> c. Failing to adequately instruct their employees
>
> d. Failing to have adequate policies and procedures;
>
> e. Failing to have adequate safety policies and procedures;
>
> f. Failing to adequately maintain their equipment;
>
> g. Failing to adequately inspect the premises at issue;
>
> h. Failing to properly analyze and account for the risks inherent with the work at hand;
>
> i. Creating a dangerous or hazardous condition;

j. Failing to adequately warn of a dangerous or hazardous condition;

k. Failure to remedy a dangerous or hazardous conditions;

l. Vicarious liability for the conduct of their employees;

m. Violating applicable government regulations, laws, rules, and industry standards; and

n. Other acts deemed negligent, negligent *per se*, and grossly negligent.

13. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe and permanent injuries. These injuries have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, past lost earnings, future loss of earning capacity, and past and future physical impairment. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

14. Plaintiff is entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of Plaintiff's health and safety. Defendants' acts and omissions involved an extreme degree of risk considering the probability and

magnitude of potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk, and consciously disregarded such risk. Accordingly, Plaintiff is entitled to exemplary damages.

## IV

## **<u>RESERVATION OF RIGHTS</u>**

15. Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery and as his investigation continues.

## V

## **<u>JURY DEMAND</u>**

16. Plaintiff hereby demands a trial by jury.

## VI

## **<u>PRAYER</u>**

17. Plaintiff prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer and that upon final hearing, Plaintiff have judgment against Defendants, jointly, severally, and *in solido* in a total sum in excess of the minimum jurisdictional limits of this Court plus pre-judgment and post-judgment interest, all costs of Court, exemplary damages, and all other and further relief to which he may show himself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**


*/s/ Noah M. Wexler*
Noah M. Wexler
LA Bar Roll No. 34995
6009 Memorial Drive
Houston, Texas 77007
PH: (713) 222-3800
FAX: (713) 222-3850

***Attorneys for Plaintiff***