# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

BRAD GRIZER

VERSUS

CF INDUSTRIES, INC, ET AL.

CIVIL ACTION

NUMBER 16-145-SDD-EWD

## NOTICE AND ORDER

Before the court is a Motion for Leave to File Complaint in Intervention[1] and a Motion for Leave to File Corrected Complaint in Intervention filed by Zurich American Insurance Company ("Zurich").[2]

This suit was removed by CF Industries Nitrogen, LLC, CF Industries, Inc., and CF Industries Holdings, Inc. (the "Removing Defendants") to this court on March 3, 2016 on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[3] Fed. R. Civ. P. 24 sets forth the standard by which this court will consider Zurich's ability to intervene. Pursuant to 28 U.S.C. § 1367(b), "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332…the district courts shall not have supplemental jurisdiction…over claims by persons proposed to be joined as plaintiffs under Rule 24…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Accordingly, this court must consider whether Zurich's proposed intervention will destroy this court's subject matter jurisdiction.

---

[1] R. Doc. 52.

[2] R. Doc. 53.

[3] R. Doc. 1.

1

Per the Notice of Removal, Plaintiff is a citizen of Ohio.[4] CF Industries, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois.[5] CF Industries Holdings, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois.[6] CF Industries Nitrogen, LLC's sole member is alleged to be CF Industries Sales, LLC, whose sole member is alleged to be CF Industries Enterprises, Inc., a Delaware corporation with its principal place of business in Illinois.[7] Per the Notice of Removal, "Defendant Loren Industries is a corporation. It was incorporated in the State of California and maintains its principal place of business in California."[8] Further, "[t]o the extent Plaintiff intended to name Lauren Engineers & Constructors, Inc. …the Removing Defendants aver that Lauren is a corporation incorporated in the State of Delaware and maintains its principal place of business in Texas."[9]

On May 2, 2016, Plaintiff filed a First Amended Complaint naming Lauren Engineers and Constructors, Inc. ("Lauren Engineers"), ACE American Insurance Company, and Lexington Insurance Company.[10] In its corporate disclosure statement, Lexington Insurance Company asserts that it is a Delaware corporation with its principal place of business in Massachusetts.[11] Lauren Engineers admits in answer to Plaintiff's First Amended Complaint that it is a Delaware corporation,[12] and the Removing Defendants have previously alleged that Lauren Engineers is a

---

[4] R. Doc. 1, ¶ 6.

[5] R. Doc. 1, ¶ 8.

[6] R. Doc. 1, ¶ 9.

[7] R. Doc. 1, ¶ 10.

[8] R. Doc. 1, ¶ 11. On April 27, 2016, this court dismissed Plaintiff's claims against Loren Industries without prejudice. R. Doc. 16. In his First Amended Complaint, Plaintiff alleges that the hammer which struck his shoulder was dropped by an employee of Lauren Engineers and Constructors, Inc. R. Doc. 28, ¶ 11.

[9] R. Doc. 1, ¶ 12.

[10] R. Doc. 28.

[11] R. Doc. 34.

[12] R. Doc. 32, ¶ XXII.

Delaware corporation with its principal place of business in Texas.[13] Per its corporate disclosure statement, "Westchester Surplus Lines Insurance Company, erroneously named ACE American Insurance Company ('Westchester')" states that it is "a company organized under the laws of Georgia."[14]

Although the record contains sufficient allegations of citizenship for Plaintiff, the Removing Defendants, Loren Industries, Lauren Engineers, and Lexington Insurance Company, the court is unable to determine the citizenship of Westchester and Zurich. Proper information regarding the citizenship of Westchester and Zurich is necessary to establish this court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1367(b). In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). For purposes of diversity, the citizenship of a limited liability company or other unincorporated association is determined by considering the citizenship of all its members. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted). Thus, to properly allege the citizenship of a limited liability company or similar association, a party must identify each of the members and the

---

[13] R. Doc. 1, ¶ 12.
[14] R. Doc. 46.

citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of an unincorporated association which is also an unincorporated association. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Westchester's allegation that it is a "company organized under the laws of the State of Georgia" is insufficient to apprise the court of the type of entity Westchester is (*i.e.*, a corporation or unincorporated association). Assuming Westchester is a corporation organized under the laws of Georgia, there is no allegation in the record regarding Westchester's principal place of business. Alternatively, in the event Westchester is an unincorporated association, it must set forth its citizenship by alleging the citizenship of all its members. Likewise, Zurich does not set forth in its proposed Complaint in Intervention or either of its pending motions its own citizenship. In order to adequately allege its own citizenship, Zurich must allege the type of entity it is and its citizenship according to the rules for such entity.

Accordingly,

**IT IS HEREBY ORDERED** that Zurich American Insurance Company ("Zurich") file a Motion to Substitute the proposed Complaint in Intervention with a proposed pleading that sets forth Zurich's corporate (or otherwise) status and its citizenship. If Zurich is a corporation, it shall set forth its state of incorporation and principal place of business. If Zurich is an unincorporated association, it shall set forth its members and the citizenship of each member(s). Zurich shall have

seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that Westchester Surplus Lines Insurance Company ("Westchester") shall file into the record a Statement of Citizenship setting out its corporate (or otherwise) status and its citizenship. If Westchester is a corporation, it shall set forth its state of incorporation and principal place of business. If Westchester is an unincorporated association, it shall set forth its members and the citizenship of each member(s). Westchester shall have seven (7) days from the date of this Notice and Order to file its Statement of Citizenship without further leave of court.

The parties are hereby **NOTIFIED** that the court will consider the Motion for Leave to File Complaint in Intervention[15] and Motion for Leave to File Corrected Complaint in Intervention[16] upon the filing of Zurich's Motion to Substitute and Westchester's Statement of Citizenship.

Signed in Baton Rouge, Louisiana, on April 13, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 52.

[16] R. Doc. 53.