UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRAD GRIZER

VERSUS

CF INDUSTRIES, INC, ET AL.

CIVIL ACTION

NUMBER 16-145-SDD-EWD

## NOTICE AND ORDER ON MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION AND MOTION FOR LEAVE TO FILE CORRECTED COMPLAINT IN INTERVENTION

Before the court is a Motion for Leave to File Complaint in Intervention[1] and a Motion for Leave to File Corrected Complaint in Intervention[2] filed by Zurich American Insurance Company ("Zurich"). No opposition to Zurich's Motion for Leave to File Complaint in Intervention has been filed.[3]

The court **ORDERS** that, within twenty-one (21) days of this Notice and Order, Zurich and any other party who so wishes shall file Supplemental Briefing addressing: (1) whether Zurich is a required party to this litigation under Fed. R. Civ. P. 19(a) or (b); and (2) if Zurich is a required party to this litigation pursuant to Fed. R. Civ. P. 19(b), whether this suit should be dismissed for lack of subject matter jurisdiction.

---

[1] R. Doc. 52.

[2] R. Doc. 53.

[3] Zurich filed its Motion for Leave to File Complaint in Intervention on March 28, 2017. R. Doc. 52. Pursuant to LR 7(f), any opposition to Zurich's March 28, 2017 filing was due within twenty-one days, or by April 18, 2017. Following the filing of the Motion for Leave to File Complaint in Intervention, Zurich filed a Motion for Leave to File Corrected Complaint in Intervention. R. Doc. 53. Per the Motion for Leave to File Corrected Complaint in Intervention, Zurich explains that its original proposed Complaint in Intervention "was inadvertently filed on legal size paper" and that "no substantive changes have been made to the Complaint in Intervention, and requests that this corrected pleading take the place of the prior filing containing the page size error." R. Doc. 53, p. 1. On April 18, 2017, and pursuant to an order from this court, Zurich filed a Motion to Substitute Complaint-in-Intervention. R. Doc. 59. The court granted Zurich's Motion to Substitute on April 19, 2017 and ordered that R. Doc. 59-2 be substituted in the place of Zurich's original proposed pleading, R. Doc. 53-2. R. Doc. 60. Zurich's substituted Complaint in Intervention makes no substantive changes to its originally proposed pleading, other than to set forth Zurich's citizenship as ordered by this court.

1

## I. Background

On or about January 19, 2016, Plaintiff, Brad Grizer ("Plaintiff"), filed suit against CF Industries, Inc., CF Industries Nitrogen, Inc., CF Holding, Inc., and Loren Industries for injuries allegedly sustained while working at "Defendant CFI's Donaldsonville plant" "when he was struck in the shoulder by a hammer that was dropped from an elevated workspace by an employee of Defendant Loren Industries."[4] On March 3, 2016, CF Industries Nitrogen, LLC, CF Industries, Inc., and CF Industries Holdings, Inc. removed this action to this court asserting diversity jurisdiction under 28 U.S.C. § 1332.[5] On May 2, 2016, Plaintiff filed a First Amended Petition naming Lauren Engineers and Constructors, Inc. ("Lauren Engineers"), ACE American Insurance Company, and Lexington Insurance Company as additional defendants.[6]

Per the proposed Complaint-in-Intervention, "[a]t all relevant times hereto, Zurich had in full force and effect a worker's compensation and employer liability insurance policy…that was issued to Industrial Piping, the employer of Plaintiff…."[7] Zurich asserts that "[a]s a result of the injuries sustained by Plaintiff during the Incident, Zurich has paid indemnity and medical benefits to or on behalf of Plaintiff pursuant to the terms of the Policy" and that pursuant to Fed. R. Civ. P. 24(a)(2), it "is entitled to intervention of right in this matter because they possess a subrogation interest in, and relating to, the outcome of the incident that forms the basis of the controversy in

---

[4] On April 27, 2016, this court granted Plaintiff's Motion to Dismiss (R. Doc. 8), dismissing Plaintiff's claims against Loren Industries without prejudice. R. Doc. 16. In his First Amended Complaint, Plaintiff alleges that the hammer which struck his shoulder was dropped by an employee of Lauren Engineers and Constructors, Inc. R. Doc. 28, ¶ 11.

[5] R. Doc. 1-2, ¶ IX. In his Petition for Damages, Plaintiff alleged that he suffered "severe and permanent injuries" and that his injuries "have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, part and future loss of enjoyment of life, past and future medical expenses, part lost earnings, future loss of earning capacity, past and future physical impairment." R. Doc. 1-2, ¶ XI.

[6] R. Doc. 28.

[7] R. Doc. 53-2, ¶ 3.

2

this action and because the disposition of this action in Intervenor's absence will significantly prejudice their ability to protect that interest."[8]

Per the Notice of Removal, Plaintiff is a citizen of Ohio.[9] CF Industries, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois.[10] CF Industries Holdings, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois.[11] CF Industries Nitrogen, LLC sole member is alleged to be CF Industries Sales, LLC, whose sole member is CF Industries Enterprises, Inc., a Delaware corporation with its principal place of business in Illinois.[12] According to Zurich's proposed Complaint-in-Intervention, it is "a corporation formed under the laws of the state of New York, with its principal place of business in the state of Illinois."[13] Accordingly, it appears that if this court allows Zurich to intervene in these proceedings, complete diversity between the parties would be destroyed as Zurich would be aligned with the Plaintiff and Zurich is domiciled as are multiple defendants. *See*, *Dushane v.*

---

[8] R. Doc. 53-2, ¶¶ 8 & 10. District courts in Louisiana have previously found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See*, *Fulford v. Climbtek, Inc.*, 2016 WL 7173780, at * 5 (M.D. La. Dec. 8, 2016) ("Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Marvin Fulford. Unless ORM is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2)."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).

[9] R. Doc. 1, ¶ 6.

[10] R. Doc. 1, ¶ 8.

[11] R. Doc. 1, ¶ 9.

[12] R. Doc. 1, ¶ 10. With respect to the other defendants, per the Notice of Removal, "Defendant Loren Industries is a corporation. It was incorporated in the State of California and maintains its principal place of business in California." R. Doc. 1, ¶ 11. Further, "[t]o the extent Plaintiff intended to name Lauren Engineers & Constructors, Inc. …the Removing Defendants aver that Lauren is a corporation incorporated in the State of Delaware and maintains its principal place of business in Texas." R. Doc. 1, ¶ 12. In its corporate disclosure statement, Lexington Insurance Company asserts that it is a Delaware corporation with its principal place of business in Massachusetts. R. Doc. 34. Per its Statement of Citizenship, "Westchester Surplus Lines Insurance Company ('Westchester'), erroneously named ACE American Insurance Company" states that it is a "corporation organized under the laws of the State of Georgia with its principal place of business in the State of Pennsylvania." R. Doc. 58.

[13] R. Doc. 53-2, ¶ 2.

*Gallagher Kaiser Corp.*, 2005 WL 1959151, at * 6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). Moreover, pursuant to 28 U.S.C. § 1367(b), this court cannot exercise supplemental jurisdiction over Zurich's claim because it would be inconsistent with the jurisdictional requirements of section 1332. ("[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332…the district courts shall not have supplemental jurisdiction…over claims by persons proposed to be joined as plaintiffs under Rule 24…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.").

Because it appears that Zurich is an intervenor of right in this matter, but Zurich's intervention will destroy this court's subject matter jurisdiction, the undersigned will consider, in conjunction with the Motion for Leave to File Complaint in Intervention, "whether the court should proceed without one who should be joined but who cannot because their joinder would defeat jurisdiction" based on the considerations set forth in Fed. R. Civ. P. 19(b). *See*, *Brown v. Sullair, LLC*, 2015 WL 9261354, at * 2 (W.D. La. Nov. 17, 2015) ("When considering a request to intervene pursuant to Rule 24, we must also consider the ramification of Rule 19 joinder issues to balance the interests of the parties and non-parties to a suit. The propriety of the joinder may be raised *sua sponte*.") (citing *Pickle v. International Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th

Cir. 1986)); *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 637 (W.D. La. Jan. 6, 2014) ("[W]here a non-diverse potential intervenor is entitled to intervene as of right under Rule 24(a)(2), a court must consider whether the non-party is required under Rule 19; if that non-party is required, and the litigation may not proceed in that party's absence, the litigation must be dismissed for lack of complete diversity. Thus, the crucial inquiry is whether [proposed intervenor] is a required party under Rule 19(b)."). *See also*, *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, 5 (W.D. La. June 4, 2014) (although plaintiff's employer was a non-diverse intervenor of right under Fed. R. Civ. P. 24(a), court allowed suit to proceed without employer's intervention where workers' compensation insurer was permitted to intervene and employer's "right to reimbursement [was] protected under the terms of its contract" with the insurer.").

Accordingly,

The court **ORDERS** that, within twenty-one (21) days of this Notice and Order, Zurich and any other party who so wishes shall file Supplemental Briefing addressing: (1) whether Zurich is a required party to this litigation under Fed. R. Civ. P. 19(a) or (b); and (2) if Zurich is a required party to this litigation pursuant to Fed. R. Civ. P. 19(b), whether this suit should be dismissed for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on April 21, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**