**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRAD GRIZER** | * | |
| **Plaintiff** | * | **CIVIL ACTION NO.: 3:16-CV-00145** |
| | * | |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| | * | |
| **CF INDUSTRIES, INC., ET AL.** | * | **MAGISTRATE JUDGE** |
| **Defendants** | * | **ERIN WILDER-DOOMES** |

\* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ZURICH**
**AMERICAN INSURANCE COMPANY'S COMPLAINT-IN-INTERVENTION**

NOW INTO COURT, through the undersigned counsel, comes Zurich American Insurance Company ("Zurich"), who in response to this Court's Notice and Order issued on April 21, 2017 (Rec. Doc. 61), submits this supplemental memorandum in support of its complaint-in-intervention, specifically regarding the fact that Zurich is a required party to this litigation and Zurich's presence in the litigation should result in a dismissal for lack of the Court's subject matter jurisdiction.

## I.     FACTUAL BACKGROUND

As a brief factual background, Zurich filed its complaint-in-intervention, seeking to recover amounts paid in indemnity and medical benefits to or on behalf of Plaintiff, Brad Grizer, as a result of his alleged accident that forms the basis of these proceedings. Pursuant to this Court's notice and order, the parties submitted corporate statements, which determined that Zurich and a defendant, CF Industries Enterprises, Inc. ("CF"), share the same state for their principal place of business, Illinois. (Rec. Doc. 61 at p. 3). Zurich now submits that its intervention was filed as a matter of right, and, as such, it is a required party to the instant litigation.

## II.  LAW AND ARGUMENT

### A.  Zurich is a required party pursuant to Rule 19.

Pursuant to the Federal Rules of Civil Procedure, a required party is one who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may…impair or impede the person's ability to protect the interest." Fed. R. Civ. P. art. 19(a)(1)(B)(i). In the instant case, Zurich is a required party. Zurich is asserting an interest directly relating to the subject matter of this litigation, as it is seeking to recover workers' compensation indemnity and medical benefits paid to or on behalf of Plaintiff arising out of the same alleged accident that serves as the basis for these proceedings. Furthermore, the absence of Zurich as a party to these proceedings would impair or impede its ability to seek recovery of the workers' compensation benefits paid to or on behalf of Plaintiff, as it would be left to rely solely on the courtesy of other counsel to determine the status of the proceedings, specifically with respect to the chances of Plaintiff's success on the merits of his case. In addition, should a resolution or judgment be issued in the absence of Zurich, Zurich would be left without the opportunity to directly recover its lien payments from the proceeds of such settlement or judgment. For such reasons, it is abundantly clear that Zurich is a required party under Rule 19.

### B.  Zurich has asserted an intervention of right pursuant to Rule 24.

The Federal Rules of Civil Procedure further provide that a party may file an intervention of right, which must be permitted by the court, when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protest its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. art. 24(a)(2). The Fifth Circuit has held that a workers' compensation carrier is entitled to intervene as a matter of right. *Smith*

*Petroleum Service v. Monsanto Chemical*, 420 F.2d 1103, 1114 (5th Cir. 1970). This same determination has subsequently been recognized by Louisiana District Courts. *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151 (W.D. La. 2005).

In the instant case, Zurich has an interest in the subject of this action, as it has paid workers' compensation benefits to or on behalf of Plaintiff for which it is entitled to recovery, and disposal of the action will impair or impede its ability to protect such interest, as a judgment or resolution of the claim without Zurich would not account for its workers' compensation lien. Furthermore, Zurich, as a party seeking to intervene for the recovery of workers' compensation benefits paid to the Plaintiff, sits in the exact position as those determined to have asserted interventions of right in *Smith Petroleum Services* and *Dushane.* For these reasons, Zurich has asserted an intervention of right that must be granted by this Court.

**C. This matter should be dismissed for lack of subject matter jurisdiction because Zurich and CF share the same state of principal place of business.**

As this Court noted in its Notice and Order, Zurich and CF share Illinois as their principal place of business. As Zurich is a necessary party under Rule 19 seeking to file an intervention of right under Rule 24, its presence in this litigation would therefore eliminate the complete diversity amongst the litigants as required by 28 U.S.C. § 1332, the grounds on which this Court's subject matter jurisdiction was invoked. Although Zurich does not endeavor to delay or impede the proceedings, it nonetheless must assert this Court's lack of subject matter jurisdiction in order to assert and maintain its right to recover workers' compensation benefits paid to or on behalf of Plaintiff. Accordingly, as Zurich is a necessary party pursuant to Rule 19, and shares a common state of principal place of business with CF, this matter should be dismissed for lack of subject matter jurisdiction.

### III.   CONCLUSION

Zurich American Insurance Company is a required party under Rule 19 that has asserted an intervention of right under Rule 24. Although it does not endeavor or delay the proceedings, Zurich submits that because it is a required party and its presence in the litigation would eliminate the complete diversity on which this Court's jurisdiction was invoked, this matter should be dismissed due to lack of subject matter jurisdiction.

Respectfully submitted,

/s/ *Scott R. Huete*
**JENNIFER L. SIMMONS (#30060)**
**SCOTT R. HUETE (#33191)**
**MELCHIODE MARKS KING LLC**
639 Loyola Avenue, Suite 2550
New Orleans, Louisiana 70113
Telephone: (504) 336-2880
Facsimile: (504) 336-2342
***Counsel for Zurich American Insurance Company***

### CERTIFICATE OF SERVICE

I hereby certify that in accordance with the Middle District of Louisiana's electronic filing procedures, this document has been electronically filed.  A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system this 9th day of May, 2017.

/s/ *Scott R. Huete*
**SCOTT R. HUETE**