UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRAD GRIZER

VERSUS

CF INDUSTRIES, INC, ET AL.

CIVIL ACTION

NUMBER 16-145-SDD-EWD

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 25, 2017.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRAD GRIZER

VERSUS

CF INDUSTRIES, INC, ET AL.

CIVIL ACTION

NUMBER 16-145-SDD-EWD

**REPORT AND RECOMMENDATION REGARDING MOTION TO INTERVENE**

Before the court is a Motion for Leave to File Complaint in Intervention[1] and a Motion for Leave to File Corrected Complaint in Intervention[2] filed by Zurich American Insurance Company ("Zurich"). No opposition to Zurich's Motion for Leave to File Complaint in Intervention has been filed.[3]

For the reasons set forth herein, it is **RECOMMENDED**[4] that Zurich's Motion for Leave to File Corrected Complaint in Intervention[5] be **DENIED** because the addition of Zurich would destroy subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Motion for Leave to File Complaint in Intervention be **DENIED AS MOOT**.[6]

---

[1] R. Doc. 52.

[2] R. Doc. 53.

[3] Zurich filed its Motion for Leave to File Complaint in Intervention on March 28, 2017. R. Doc. 52. Pursuant to LR 7(f), any opposition to Zurich's March 28, 2017 filing was due within twenty-one days, or by April 18, 2017. Following the filing of the Motion for Leave to File Complaint in Intervention, Zurich filed a Motion for Leave to File Corrected Complaint in Intervention. R. Doc. 53. Per the Motion for Leave to File Corrected Complaint in Intervention, Zurich explains that its original proposed Complaint in Intervention "was inadvertently filed on legal size paper" and that "no substantive changes have been made to the Complaint in Intervention, and requests that this corrected pleading take the place of the prior filing containing the page size error." R. Doc. 53, p. 1. On April 18, 2017, and pursuant to an order from this court, Zurich filed a Motion to Substitute Complaint-in-Intervention. R. Doc. 59. The undersigned granted the Motion to Substitute Complaint-in-Intervention, and directed the clerk's office to substitute R. Doc. 53-2 with 59-2. R. Doc. 60. Zurich's as-substituted Complaint in Intervention makes no substantive changes to its originally proposed pleading, other than to set forth Zurich's citizenship. *See*, R. Doc. 53-2, ¶ 2.

[4] Although a magistrate judge may generally hear and determine non-dispositive issues, because dismissal is recommended the undersigned issues this Report and Recommendation.

[5] R. Doc. 53.

[6] R. Doc. 52.

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED** without prejudice because Zurich is an intervenor of right pursuant to Fed. R. Civ. P. 24(a) and a required party whose joinder is not feasible under Fed. R. Civ. P. 19(b).

## I.     Background

On or about January 19, 2016, Plaintiff, Brad Grizer ("Plaintiff"), filed suit against CF Industries, Inc., CF Industries Nitrogen, Inc., CF Holding, Inc. (collectively, the "CF Defendants") and Loren Industries for injuries allegedly sustained while working at "Defendant CFI's Donaldsonville plant" "when he was struck in the shoulder by a hammer that was dropped from an elevated workspace by an employee of Defendant Loren Industries."[7] On March 3, 2016 the CF Defendants removed this action to this court asserting diversity jurisdiction under 28 U.S.C. § 1332.[8] On May 2, 2016, Plaintiff filed a First Amended Petition naming Lauren Engineers and Constructors, Inc. ("Lauren Engineers"), ACE American Insurance Company, and Lexington Insurance Company as additional defendants.[9]

---

[7] On April 27, 2016, this court dismissed Plaintiff's claims against Loren Industries without prejudice. R. Doc. 16. In his First Amended Complaint, Plaintiff alleges that the hammer which struck his shoulder was dropped by an employee of Lauren Engineers and Constructors, Inc. R. Doc. 28, ¶ 11.

[8] R. Doc. 1-2, ¶ IX. In his Petition for Damages, Plaintiff alleged that he suffered "severe and permanent injuries" and that his injuries "have caused and will cause Plaintiff residual disability, past and future disfigurement, past and future pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, past and future medical expenses, part lost earnings, future loss of earning capacity, past and future physical impairment." R. Doc. 1-2, ¶ XI.

[9] R. Doc. 28. Per the Notice of Removal, Plaintiff is a citizen of Ohio. R. Doc. 1, ¶ 6. CF Industries, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ 8. CF Industries Holdings, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ 9. CF Industries Nitrogen, LLC's sole member is alleged to be CF Industries Sales, LLC, whose sole member is CF Industries Enterprises, Inc., a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ 10. Per the Notice of Removal, "Defendant Loren Industries is a corporation. It was incorporated in the State of California and maintains its principal place of business in California." R. Doc. 1, ¶ 11. Further, "[t]o the extent Plaintiff intended to name Lauren Engineers & Constructors, Inc. …the Removing Defendants aver that Lauren is a corporation incorporated in the State of Delaware and maintains its principal place of business in Texas." R. Doc. 1, ¶ 12. In its corporate disclosure statement, Lexington Insurance Company asserts that it is a Delaware corporation with its principal place of business in Massachusetts. R. Doc. 34. Per its Statement of Citizenship, "Westchester Surplus Lines Insurance Company ('Westchester'), erroneously named ACE American Insurance Company" states that it is a "corporation organized under the laws of the State of Georgia with its principal place of business in the State of Pennsylvania." R. Doc. 58.

Per the proposed Petition of Intervention, "[a]t all relevant times hereto, Zurich had in full force and effect a worker's compensation and employer liability insurance policy…that was issued to Industrial Piping, the employer of Plaintiff…."[10] Zurich asserts that "[a]s a result of the injuries sustained by Plaintiff during the Incident, Zurich has paid indemnity and medical benefits to or on behalf of Plaintiff pursuant to the terms of the Policy" and that pursuant to Fed. R. Civ. P. 24(a)(2), it "is entitled to intervention of right in this matter because they [sic] possess a subrogation interest in, and relating to, the outcome of the incident that forms the basis of the controversy in this action and because the disposition of this action in Intervenor's absence will significantly prejudice their [sic] ability to protect that interest."[11] Accordingly, Zurich asserts that it is "entitled to recover all indemnity and medical benefits paid, or to be paid, to or on behalf of Grizer, and is entitled to a credit for future indemnity and medical benefits that may be paid to or on behalf of Grizer, against any judgment or settlement rendered herein."[12]

## II. Law and Analysis

### A. Zurich is an Intervenor of Right Pursuant to Fed. R. Civ. P. 24(a)

As noted above, Zurich asserts that it seeks to intervene as of right under Fed. R. Civ. P. 24(a). Because the undersigned finds Zurich to be an intervenor of right, the undersigned does not conduct an analysis of permissive intervention pursuant to Fed. R. Civ. P. 24(b).

#### i. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald*

---

[10] R. Doc. 53-2, ¶ 3.
[11] R. Doc. 53-2, ¶¶ 8 & 10.
[12] R. Doc. 53-2, ¶ 13.

4

*v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, this matter was removed to this court on March 3, 2016. Zurich sought to intervene a little over a year later, on March 28, 2017. No party has asserted that the Motion to Intervene is untimely. Further, the trial of this matter is scheduled for March 12, 2018.[13] Considering the lack of opposition to Zurich's proposed intervention and the scheduled trial date, the undersigned finds that Zurich's intervention is timely.

### ii. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter

---

[13] R. Doc. 47.

impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above, the undersigned finds that the Motion to Intervene is timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer brings suit against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. §23:1102(A). "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")). Likewise, a compensation insurer who fails to intervene will be barred from claiming reimbursement. *See*, *Senac v. Sandefer*, 418 So. 2d 543, 545 n. 1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So. 2d 240, 242 (La. App. 2. Cir. 1997) ("While

6

the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.").

In light of this jurisprudence, district courts in this circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See*, *Fulford v. Climbtek, Inc.*, 2016 WL 7173780, at * 5 (M.D. La. Dec. 8, 2016) ("Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Marvin Fulford. Unless ORM is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2)."); *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. Jan. 6, 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.).

Here, Zurich alleges that it has paid indemnity and medical benefits to Plaintiff pursuant to a workers' compensation and employer liability insurance policy and seeks reimbursement for

same. Unless Zurich is allowed to intervene, it will lose its right to reimbursement. Accordingly, the undersigned finds Zurich to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[14]

### B. Zurich Should Be Aligned as a Non-Diverse Intervenor Plaintiff; Therefore, this Court Lacks Supplemental Jurisdiction Over Zurich's Claims Pursuant to 28 U.S.C. § 1367(b)

Per Zurich's proposed Complaint in Intervention, it "is a corporation formed under the laws of the state of New York, with its principal place of business in the state of Illinois."[15] Based on these allegations, for purposes of this court's jurisdictional analysis, Zurich is considered a citizen of New York and Illinois. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). The CF Defendants are also citizens of Illinois.[16]

Pursuant to 28 U.S.C. § 1367(b), "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332…the district courts shall not have supplemental jurisdiction…over claims by persons…seeking to intervene as plaintiffs under Rule 24…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." For the reasons discussed above, the undersigned considers Zurich to be an intervenor of right pursuant to Fed. R. Civ. P. 24(a). To the extent Zurich is aligned as a plaintiff in these proceedings, it is not diverse from the CF Defendants and this court

---

[14] No party contends, and the undersigned does not find, that Zurich's interests are adequately represented by either Plaintiff or Defendants in this suit. Although Zurich's interests are aligned with Plaintiff's (as discussed below), the recovery sought by Zurich (recovery for any past or future payments) is separate from Plaintiff's damage claim.

[15] R. Doc. 53-2, ¶ 2.

[16] CF Industries, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ 8. CF Industries Holdings, Inc. is alleged to be a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ 9. CF Industries Nitrogen, LLC sole member is alleged to be CF Industries Sales, LLC, whose sole member is CF Industries Enterprises, Inc., a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ 10.

lacks the statutory authority to exercise supplemental jurisdiction over such claims. *See*, *Griffin v. Lee*, 621 F.3d 380, 386 (5th Cir. 2010) (instructing district court to dismiss a petition of intervention filed by a non-diverse party aligned as a plaintiff and explaining that "while Congress codified the concepts of pendent and ancillary jurisdiction in § 1367(a), it apparently chose to circumscribe such jurisdiction in § 1367(b) with respect to plaintiff intervenors.").

"In this Circuit, 'the generally accepted test of proper alignment is whether the parties with the same 'ultimate interests' in the outcome of the action are on the same side.'" *Griffin*, 621 at 388 (quoting *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1178 (5th Cir. 1984)). In *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005), the court considered whether an employer seeking to intervene in order to recover worker's compensation payments paid to plaintiff should be aligned with plaintiffs or defendants. The court ultimately aligned the proposed intervenor with plaintiffs, explaining that:

> If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word.

*See also*, *Paxton v. Kirk Key Interlock Co., LLC*, 2008 WL 4977299, at * 7 n. 27 (M.D. La. Oct. 21, 2008) ("Since both Dow and the plaintiffs in this suit share the same ultimate interest as against ABB, i.e., recovery of losses sustained (in the form of injuries and worker's compensation benefits paid or obligated to be paid in the future), as a result of ABB's allegedly defective switchgear equipment and since Dow offers no resistance to the substance of the plaintiffs' claims against ABB and merely seeks its statutorily-created right to reimbursement based upon the substance of plaintiffs' claims, Dow should be realigned as a party plaintiff herein.") (report and

9

recommendation adopted in part and rejected in part on other grounds, 2008 WL 5043428 (M.D. La. Nov. 21, 2008)); *Head v. Chesapeake Operating, Inc.*, 2010 WL 2246394, at * 1 (W.D. La. May 26, 2010) ("The worker's compensation intervenor in a case like this is aligned as a plaintiff, so its citizenship must be diverse from that of all defendants or diversity will be destroyed.").

Here, like Plaintiff, Zurich has an interest in maximizing recovery against Defendants because it seeks to recover "all amounts they have paid or are legally obligated to pay in indemnity and medical benefits on behalf of Plaintiff, in preference and priority over any judgment rendered in favor of Plaintiff."[17] Accordingly, the undersigned considers Zurich to be aligned with Plaintiff. Because Zurich's citizenship is not diverse from the CF Defendants, this court is prohibited from exercising supplemental jurisdiction over Zurich's claims pursuant to 28 U.S.C. § 1367(b). Accordingly, it is RECOMMENDED that Zurich's Motion for Leave to File Corrected Complaint in Intervention[18] be DENIED because the addition of Zurich would destroy subject matter jurisdiction. *See*, *Griffin v. Lee*, 621 F.3d 380, 390 (5th Cir. 2010); *Brown v. Sullair, LLC*, 2015 WL 9261354, at * 2 (W.D. La. Nov. 17, 2015) ("When a party who would destroy diversity seeks to intervene as a plaintiff, the court must deny the motion.") (citing *Griffin*).

### C. The Undersigned Recommends Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 19(b)

"When considering a request to intervene pursuant to Rule 24 we must also consider the ramification of Rule 19 joinder issues to balance the interests of parties and non-parties to a suit. The propriety of joinder may be raised *sua sponte*." *Brown v. Sullair, LLC*, 2015 WL 9261354, at * 2 (W.D. La. Nov. 17, 2015) (citing *Pickle v. Internat'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir.1986); *McKenzie v. EOG Res. Inc.*, 2008 WL 1995145, at *1 (W.D. La. May 7, 2008);

---

[17] R. Doc. 53-2, p. 4.

[18] R. Doc. 53.

10

*Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 635–46 (W.D. La. Jan. 6, 2014)); *Youngblood v. Rain CII Carbon LLC*, at * 4 (W.D. La. June 4, 2014) ("when faced with a diversity-destroying potential intervenor, we are required to consider whether the party seeking to intervene is a required party under Rule 19.").

On April 21, 2017, the undersigned issued a Notice and Order informing the parties that the undersigned would also consider, "in conjunction with the Motion for Leave to File Complaint in Intervention, 'whether the court should proceed without one who should be joined but who cannot because their joinder would defeat jurisdiction' based on the considerations set forth in Fed. R. Civ. P. 19(b)."[19] The Notice and Order provided Zurich "and any other party who so wishes" a period of twenty-one days to submit supplemental briefing addressing: (1) whether Zurich is a required party to this litigation under Fed. R. Civ. P. 19(a) or (b); and (2) if Zurich is a required party to this litigation pursuant to Fed. R. Civ. P. 19(b), whether this suit should be dismissed for lack of subject matter jurisdiction.[20] Only Zurich and Plaintiff filed supplemental briefing regarding the issues raised in the undersigned's April 21, 2017 Notice and Order.[21] Per Plaintiff's submission, Plaintiff "does not oppose Zurich American Insurance Company's…intervention and does not oppose dismissal for lack of subject matter jurisdiction."[22] Similarly, Zurich contends that it is "a necessary party under Rule 19," that "its presence in this litigation would therefore eliminate the complete diversity amongst the litigants," and "this matter should be dismissed for lack of subject matter jurisdiction."[23] Significantly, the CF Defendants – the defendants who

---

[19] R. Doc. 61.

[20] R. Doc. 61.

[21] R. Docs. 62 and 63.

[22] R. Doc. 63, p. 1.

[23] R. Doc. 62, p. 3.

originally removed this suit – did not file a memorandum addressing the applicability of Rule 19 or the potential dismissal of this lawsuit.

Pursuant to Fed. R. Civ. P. 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Rule 19(b) goes on to provide that in determining whether to proceed or dismiss the lawsuit, the court should consider "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

As discussed above, Zurich is an intervenor of right because, unless allowed to intervene, it will lose its right to seek reimbursement under Louisiana law. Accordingly, Zurich's absence from this suit would prejudice Zurich's ability to protect its interests. *See*, *Brown v. Sullair, LLC*, 2015 WL 9261354, at * 3 (W.D. La. Nov. 17, 2015) (finding that worker's compensation insurer and employer were required to be joined because "failure by the payors to intervene in the employee's suit bars them from bringing a separate suit against the tortfeasor. Therefore [intervenors] absence from this suit would preclude their ability to protect their interest on the worker's compensation claim as they cannot bring a separate suit in state court to recover the benefits they paid to Brown."). No party has asserted that the prejudice to Zurich if this suit is allowed to proceed without it can be lessened or avoided, or that a judgment in Zurich's absence would be adequate, despite the undersigned's request for supplemental briefing. *Compare*, *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, 5 (W.D. La. June 4, 2014) (although

plaintiff's employer was a non-diverse intervenor of right under Fed. R. Civ. P. 24(a), court allowed suit to proceed without employer's intervention where workers' compensation insurer was permitted to intervene and employer's "right to reimbursement [was] protected under the terms of its contract" with the insurer."). Under these circumstances, and in light of Plaintiff's submission that he "does not oppose dismissal for lack of subject matter jurisdiction,"[24] the undersigned finds that Zurich is a required party whose joinder is not feasible (based on this court's lack of supplemental jurisdiction over Zurich's claims) and therefore RECOMMENDS that this action be DISMISSED pursuant to Fed. R. Civ. P. 19(b).[25]

## **RECOMMENDATIONS**

For the reasons set forth herein, it is **RECOMMENDED** that Zurich's Motion for Leave to File Corrected Complaint in Intervention[26] be **DENIED** because the addition of Zurich would destroy subject matter jurisdiction.

---

[24] R. Doc. 63.

[25] In *Brown v. Sullair, LLC*, 2015 WL 9261354 (W.D. La. Nov. 17, 2015), the Western District analyzed whether Rule 19 allows the district court to remand rather than dismiss an action. There, one of the proposed non-diverse intervenors asserted that Rule 19 contemplated an action originally filed in federal court and therefore did not apply to removed actions. *Id*. at * 3. In considering whether remand or dismissal was appropriate, the *Brown* court noted that 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court," "applies only to what happens after removal when plaintiff seeks to join additional non-diverse ***defendants***." Emphasis in original. "Rule 19(b), on the other hand, quite clearly requires dismissal when 'a person who is required to be joined…cannot be joined.'" *Id*. at * 4. *See also*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 641 (W.D. La. 2014) ("It is never desirous to dismiss an action in this manner after over a year of litigation, much of which has focused primarily on the plaintiffs' and ICSP's attempts to have this action remanded to state court. Nevertheless, the application of Rule 19 is concerned with both pragmatism and the balancing of the competing interests of parties and non-parties, alike. As such, the court has no choice but to dismiss the action.") (internal citations omitted); *Passek v. Brock Services, LLC*, 2016 WL 3620809, at * 3 (W.D. La. May 23, 2016) ("While movers seek remand, Rule 19(b) clearly requires dismissal when 'a person who is required to be joined ...cannot be joined.'") (report and recommendation rejected in part on other grounds, 2016 WL 3648265 (W.D. La. June 28, 2016)). In light of this jurisprudence from a sister district, and without any contrary authority, the undersigned recommends dismissal rather than remand of this action.

[26] R. Doc. 53.

**IT IS FURTHER RECOMMENDED** that the Motion for Leave to File Complaint in Intervention be **DENIED AS MOOT**.[27]

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED** without prejudice because Zurich is an intervenor of right pursuant to Fed. R. Civ. P. 24(a) and a required party whose joinder is not feasible under Fed. R. Civ. P. 19(b).

Signed in Baton Rouge, Louisiana, on May 25, 2017.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] R. Doc. 52.